Owen E. Harvey and Norma Harvey v. Commissioner.
Harvey v. Commissioner
Docket No. 6084-65.
United States Tax Court
T.C. Memo 1967-126; 1967 Tax Ct. Memo LEXIS 136; 26 T.C.M. (CCH) 565; T.C.M. (RIA) 67126; June 5, 1967
*136 Held, that an amount which the petitioner-husband received from his employer as reimbursement for part of the loss sustained on sale of his former residence, following the employer's transfer to said petitioner's place of employment to another city, is includable in the latter's taxable income. John A. Gallagher, 21100 Coolidge Highway, Detroit, Mich., for the petitioners. Charles S. Stroad and Carl W. Kloepfer, for the respondent. PIERCE Memorandum Opinion PIERCE, Judge: The Commissioner determined a deficiency of $1,130.20 in the income tax of the above-named petitioners for their taxable calendar year 1962. The sole issue is whether an amount which the petitioner-husband received from his employer as reimbursement for part of a loss sustained on sale of his former residence, following the employer's transfer of said petitioner's place of employment to another city, is includable in the latter's taxable income? All of the facts have been stipulated and are so found. The stipulation of facts, including the exhibits attached thereto, is incorporated herein by reference. Petitioners Owen E. Harvey and Norma Harvey are husband and wife who, at the time *137 of filing the petition herein, were legal residents of Solon, Ohio. For the year involved, they filed a joint Federal income tax return on the cash basis, with the district director of internal revenue at Cleveland, Ohio. The husband will hereinafter be referred to as the "petitioner." During the years 1956 to 1961, the petitioner was employed by the Valeron Corporation in Detroit, Michigan, in the capacity of vice-president and sales manager. In August 1957, he and his wife purchased a residence in Birmingham, Michigan, at a cost of $39,431.21. Subsequently in 1961 the Valeron Corporation, acting without request of petitioner, transferred the latter's place of employment with said company to Cleveland, Ohio. Petitioner and his wife then sold their Birmingham residence, on February 1, 1962, for the amount of $36,250, - which is $3,181.21 less than their 1957 cost thereof. The Valeron Corporation had no relationship with the purchaser, and it did not acquire any interest in the property. However, during the year 1962 it paid $3,000 to petitioner as reimbursement for part of the loss which he and his wife had sustained on the sale of said residence property. In the joint Federal *138 income tax return which petitioner and his wife filed for the year 1962, they did not include said $3,000 reimbursement as taxable income. However the respondent, in his notice of deficiency herein, determined that the said sum is includable in their taxable income for that year, as compensation. It is our opinion, based on the persuasive authority of the following decisions, that the respondent's determination herein is correct and should be approved: (C.A. 4, 1963), affirming - holding that a reimbursement made by an employer to its employee for the difference between the sale price which the latter received for his former residence after changing jobs, and the employer's guaranteed sale price, should be treated as taxable compensation to the employee; - holding that amounts paid by an employer to cover expenses of moving a new employee's household effects to the new place of employment and also to cover broker's commissions on sale of the employee's former residence, constituted taxable income to the employee; and *139 - holding that amounts paid by an employer to reimburse an employee's expenses of selling his former residence after the employer changed the place of employment, constituted taxable income to the employee. Petitioner has relied on: ; and , pending an appeal to C.A. 10. However as regards the first of these, this Court in its opinion in the above-cited Bradley case, declined to follow its prior opinion in the Schairer case; and the Fourth Circuit, in its opinion in Bradley, stated that the Court's overruling of the Schairer case was correct. As regards the Starr case, supra, we regard this to be distinguishable from the instant case both on its facts and on the issue involved; for that case involved the excludability from the taxable income of an employee, of amounts which he received from his employer to cover his living expenses at a new post of duty, prior to the arrival of his family. We decide the present issue in favor of the respondent. Decision will be entered for the respondent.